GUIHONG ZHANG, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–70813.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted July 24, 2006.*

Filed Aug. 2, 2006.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

### MEMORANDUM **

Guihong Zhang, a native and citizen of the People's Republic of China, petitions for review of the decision by the Board of Immigration Appeals (BIA) affirming the denial by an immigration judge (IJ) of her applications for asylum, withholding of deportation and protection under the Conventional Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility determination for substantial evidence, *Guo v. Ashcroft,* 361 F.3d 1194, 1199 (9th Cir. 2004), and we grant the petition for review and remand.

The BIA based its adverse credibility determination on Zhang's failure to include details of her persecution, such as the number of times government officials came to her home and the extent of the beatings and mistreatment she was subjected to, in her written asylum application. Zhang, however, was not given the opportunity to explain these omissions. Because the supposed inconsistencies were not pointed out to Zhang so that she might explain, the inconsistencies are not a permissible basis for an adverse credibility finding. *See Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir.2004).

We remand so that the agency may consider whether, accepting Zhang's testimony as true, she is eligible for asylum, withholding of removal or relief under CAT. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

